{¶ 54} The other-acts evidence was irrelevant. There was no question of identity. The majority errs, as it did in the first appeal of this case, by holding otherwise. I concurred separately in Griffin, to point out that error.[37] Now, after the evidence has been again admitted, I must dissent.
 {¶ 55} Strangely, the majority does cite the case of State v.Hawn,[38] but not for its essential holding: that when a trial court must decide whether the deceased was murdered or committed suicide, and the defendant admits to being the only other person present when the events occurred, the identity of the defendant is not at issue in the case. Griffin's identity was not an issue in this case. Thus other-acts evidence purporting to identify Griffin through a "behavioral fingerprint" was not admissible.
 {¶ 56} If the jury were to have found that Griffin's wife was murdered, then there would have been no dispute about who committed the crime, because Griffin was the only other person present. But if the jury were to have concluded that Griffin's wife committed suicide, then Griffin's identity would have been irrelevant, because the crime of murder was not committed. The issue in this case was whether a murder occurred, not Griffin's identity.
 {¶ 57} Though not raised by Griffin, there was another problem that exacerbated the error. Though the other-acts evidence should not have been admitted, if it was, a limiting instruction was required. There was no limiting instruction here. Though I might not go so far as our colleagues in the Third Appellate District — who have held that giving an incomplete limiting instruction was plain error[39] —
the absence of any instruction here made the error in admitting the evidence even worse.
 {¶ 58} The majority's holding on this issue presents a direct conflict with our colleagues in the Second Appellate District, and we should certify the conflict for resolution by the Ohio Supreme Court.
 {¶ 59} In addition, Detective Diersing's opinion testimony, where he said that, during the initial investigation, Griffin did not behave as someone who had recently lost a loved one, was also inadmissible.
 {¶ 60} As for the detective's characterization of the blood-spatter evidence, the majority brazenly states, "Detective Diersing had personal knowledge of the investigation and was competent to testify about the meaning he attributed to the way the blood on Joseph's shirt looked. The evidence was also helpful in explaining his reasons for investigating Joseph as a suspect." The investigator's speculation was patently inadmissible.
[37] State v. Griffin (2001), 142 Ohio App.3d 65, 753 N.E.2d 967
(Painter, J., concurring separately).
[38] State v. Hawn (2000), 138 Ohio App.3d 449, 462, 741 N.E.2d 594.
[39] State v. Spears, 3rd Dist. No. 1-01-93, 2002-Ohio-6621.